**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWIN SOTERO,                          :
                                       : Civil No. 05-4624 (FSH)
            Plaintiff,                 :
                                       :
      v.                               :
                                       :     **O P I N I O N**
JOHN D'AMICO, et al.,                  :
                                       :
            Defendants.                :
_____:

**APPEARANCES:**

    EDWIN SOTERO, <u>Pro</u> <u>Se</u>
    # 214660-320250B
    Northern State Prison
    168 Frontage Road
    P.O. Box 2300
    Newark, New Jersey 07114

**HOCHBERG**, District Judge

    Plaintiff, Edwin Sotero, confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and his prison account statement, the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

    Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that the

Complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 as against the following defendants: John D'Amico, Jr., Chairman of the New Jersey State Parole Board (hereinafter, the "Board"), and various employees and/or agents of the Board. The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

In 1993, Plaintiff, who was released on parole in New Jersey, was granted permission to reside in New York and be supervised by New York parole authorities. In 1995, he was discharged from parole by New York state. However, in March of 2005, a parole warrant was issued by New Jersey. Plaintiff states that he is being held pursuant to the parole warrant. On August 17, 2005, Plaintiff received a letter from the New Jersey State Parole Board informing him that a final parole revocation hearing will be scheduled for him in the "near future."

Plaintiff argues that he is being detained unlawfully, since he was discharged from parole by New York. He asks for release from prison, that the "unlawful" parole revocation proceedings be terminated, and for monetary damages.

**DISCUSSION**

**A.     Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   Section 1983**

The Complaint asserts an action under 42 U.S.C. § 1983, alleging violations of Plaintiff's constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Analysis**

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

4

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the

>plaintiff, the action should be allowed to proceed, in
>the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

More recently, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.  See also Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  In Benson, petitioner sought both a writ of habeas corpus and declaratory relief and punitive damages under § 1983 for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated.  See id. at 828.  The Court held that a decision in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date."  Id. at 832.  Further, the Court determined

7

that Benson's suit was an attack on the duration of confinement because he sought to "correct" his parole eligibility records by way of declaratory judgment. See id. (citations omitted). Because Benson ultimately sought an earlier parole eligibility date, his claims were reviewable by habeas petition only. See id. (citation omitted).

Thus, when a dispute "goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983." Johnson v. Fauver, 786 F. Supp. 442, 445 (D.N.J.) (emphasis added), aff'd, 970 F.2d 899 (3d Cir. 1992); see also Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985), cert. denied, 475 U.S. 1028 (1986) (suit properly brought under § 1983 when it sought only the equal application of statutory furlough eligibility criteria, not plaintiff's release from incarceration); Salaam v. Consovoy, No. 99-cv-5692, 2000 WL 33679670, *2 (D.N.J. April 14, 2000) (a claim properly may be brought as a § 1983 action when the plaintiff is neither seeking an earlier parole eligibility date, nor challenging the parole board's calculation of his eligibility date).

Here, Plaintiff attacks the fact and duration of his confinement, alleging that he is entitled to immediate release.

A finding in his favor would necessarily imply the invalidity of his current confinement as a parole violator.  Thus, his claims are barred until such time as his parole violator status has been vacated or overturned on appeal.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


      /s/ Faith S. Hochberg
    FAITH S. HOCHBERG
    United States District Judge

DATED:  October 12, 2005